UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSEPH COLON and MIGDALIA RAMIREZ,

                                        Plaintiffs,

            -against-

THE CITY OF NEW YORK; RYAN STIGELL, in His
Individual and Official Capacities; and JOHN/JANE
DOES, Nos. 1-10, In Their Individual and Official
Capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                    Defendants.
------------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

13 Civ. 7540 (PAE) (HP)

Plaintiffs JOSEPH COLON and MIGDALIA RAMIREZ, by their attorney, Robert T. Perry, respectfully allege as follows:

## NATURE OF ACTION

1. Plaintiffs bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of their civil rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiffs also assert supplemental claims under New York law.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

3. The Court has jurisdiction over plaintiffs' federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. The Court has jurisdiction over plaintiffs' supplemental state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiffs' claims occurred in this district.

## JURY DEMAND

6. Plaintiffs demand trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff JOSEPH COLON is a resident of Kings County in the City and State of New York.

8. Plaintiff MIGDALIA RAMIREZ is a resident of Kings County in the City and State of New York.

9. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

10. Defendant RYAN STIGELL (Shield No. 12424) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Stigell was a police officer assigned to the 44th Precinct. Defendant Stigell is being sued in his individual and official capacities.

11. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual and official capacities.

12. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

13. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiffs from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiffs' injuries.

## STATEMENT OF FACTS

14. On Sunday morning, June 9, 2013, plaintiffs Joseph Colon and Migdalia Ramirez came to Manhattan with family members and friends to watch the annual Puerto Rican Day Parade.

15. The group included, among others, plaintiff Colon's wife, six-year-old daughter, and two-year-old son, plaintiff Ramirez's daughter and grandson, and Tone Jones, who is a friend of both plaintiffs.

16. At about 10:00 a.m., plaintiffs and their group took seats on benches on the west side of Fifth Avenue at East 78th Street and waited for the parade to begin.

17. From about 11:00 a.m. to 5:00 p.m., plaintiffs and their group watched the parade.

18. While watching the parade, plaintiff Colon waved a large Puerto Rican flag.

19. At about 5:00 p.m., after the parade had passed their location, plaintiffs and their group started walking east on the north sidewalk of East 78th Street, heading to the subway station at East 77th Street and Lexington Avenue.

20. Plaintiff Colon continued to wave the Puerto Rican flag as he walked to the subway station.

21. At East 78th Street and Lexington Avenue, while vehicular traffic on Lexington Avenue was stopped for a red light, most of the group, including plaintiff Ramirez, entered the crosswalk on the north side of East 78th Street to cross to the east side of Lexington Avenue.

22. Plaintiff Colon and Tone Jones, however, turned north on the west sidewalk on Lexington Avenue and began walking towards East 79th Street, mistakenly thinking that they were heading to the subway station.

23. Noticing that plaintiff Colon and Tone Jones were heading in the wrong direction, plaintiff Ramirez and others in the group called out to them.

24. Upon hearing the calls, plaintiff Colon and Tone Jones turned around, stepped into the street near the parked cars on the west side of Lexington Avenue, and began walking towards the crosswalk on the north side of East 78th Street.

25. Vehicular traffic on Lexington Avenue at East 78th Street was still stopped for a red light.

26. As plaintiff Colon and Tone walked towards the crosswalk, a police officer -- defendant John Doe No. 1 -- shoved plaintiff Colon in the back, telling him to: "Get the fuck out of the street."

27. Plaintiff Colon turned to defendant Doe No. 1 and asked "Excuse me?"

28. Defendant Doe No. 1 replied "You heard me. You fucking spic. Hurry up and get out of the street."

29. As they complied with defendant Doe No. 1's order, plaintiff Colon said to Tone Jones -- in a voice loud enough for defendant Doe No. 1 to hear -- "You see how the NYPD violates civilians' rights," and Tone Jones replied, "Yeah, I know."

30. Defendant Doe No. 1 and another police officer -- defendant John Doe No. 2 -- followed plaintiff Colon, as he walked through the crosswalk -- with the "walk" sign -- to the east side of Lexington Avenue and then through another crosswalk -- with the "walk" sign -- to the south side of East 78th Street.

31. On the southeast corner of Lexington Avenue and East 78th Street, defendant Doe No. 2 ripped the Puerto Rican flag out of plaintiff Colon's hand.

32. Defendants Doe No. 1 and Doe No. 2 next threw plaintiff Colon face first onto the sidewalk.

33. Plaintiff Colon instinctively braced himself for the fall by bringing his hands up to his chest.

34. As plaintiff Colon lay face down on the sidewalk with his hands beneath his chest, defendant Doe No. 1 placed his knee on plaintiff Colon's upper back, preventing plaintiff Colon from removing his hands from beneath his chest and placing them behind his back.

35. As plaintiff Colon lay face down on the sidewalk with defendant Doe No. 1 kneeling on his upper back, defendant Doe No. 2 directly pepper sprayed plaintiff Colon in the face seven or eight times from no more than inches away.

36. As plaintiff Colon lay face down on the sidewalk with defendant Doe No. 1 kneeling on his upper back, defendant Doe No. 2 repeatedly struck plaintiff Colon on his right side with a baton.

37. As plaintiff Colon lay face down on the sidewalk with defendant Doe No. 1 kneeling on his upper back, defendants Doe No. 1 and Doe No. 2 threatened to taser plaintiff Colon unless he removed his hands from beneath his chest and placed them behind his back.

38. Fearing that he would be tasered, plaintiff Colon wriggled his hands from beneath his chest and placed them behind his back, though with great difficulty because Doe No. 1 was kneeling on his upper back.

39. Plaintiff Colon did not provoke the assault and offered no physical resistance.

40. Plaintiff Colon next was handcuffed behind his back excessively tightly.

41. Plaintiff Colon repeatedly pleaded with defendants Doe No. 1 and Doe No. 2 to loosen the handcuffs but they ignored his pleas.

42. Plaintiff Colon was taken to the 19th Precinct at 153 East 67th Street.

43. At about 7:30 p.m., defendant Stigell issued plaintiff Colon a summons falsely charging plaintiff Colon with disorderly conduct under New York Penal Law § 240.20(6) -- making it unlawful with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, to congregate with other persons in a public place and refuse to comply with a lawful order of the police to disperse -- and released plaintiff Colon from custody.

44. Plaintiff Colon did not intend to cause public inconvenience, annoyance or alarm, or recklessly create a risk thereof, and he did not congregate with other persons in a public place and refuse to comply with an order of the police to disperse.

45. Defendant Stigell lacked probable cause to believe that plaintiff Colon had committed any crime or offense.

46. On August 12, 2013, 10 days before the return date that defendant Stigell wrote on the summons issued to plaintiff Colon, the Honorable Lisa A. Sokoloff, Criminal Court Judge of the City and County of New York, dismissed the disorderly conduct charge against plaintiff Colon as legally insufficient.

47. On Sunday, June 9, 2013, plaintiff Ramirez verbally protested defendants Doe No. 1 and Doe No. 2's assault on plaintiff Colon.

48. While protesting the police misconduct, plaintiff Ramirez accidentally dropped her cell phone on the sidewalk.

49. As plaintiff Ramirez retrieved her cell phone, a police officer -- defendant John Doe No. 3 -- placed a handcuff on plaintiff Ramirez's right wrist for no apparent reason.

50. Several police officers -- John Doe defendants -- then tried to throw plaintiff Ramirez to the ground but plaintiff Ramirez somehow was able to stay on her feet.

51. Plaintiff Ramirez did not provoke the assault and offered no physical resistance.

52. Plaintiff Ramirez was thrown against the window of a Starbucks store on the southeast corner of Lexington Avenue and East 78th Street and handcuffed behind her back.

53. After about 25 minutes in custody, plaintiff Ramirez was uncuffed and released without charges.

54. As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of their constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

55. Plaintiffs repeat and reallege paragraphs "1" through "54" with the same force and effect as if they were fully set forth herein.

56. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiffs to be imprisoned without probable cause or reasonable suspicion to believe that plaintiffs had committed any crime or offense, in violation of plaintiffs' right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

57. Plaintiffs repeat and reallege paragraphs "1" through "56" with the same force and effect as if they were fully set forth herein.

58. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force against plaintiffs, in violation of plaintiffs' right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (First Amendment Retaliation Claim Under 42 U.S.C. § 1983)

59. Plaintiffs repeat and reallege paragraphs "1" through "58" with the same force and effect as if they were fully set forth herein.

60. Defendants, acting in concert and within the scope of their authority, retaliated against plaintiffs for protesting police misconduct, in violation of plaintiffs' right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Equal Protection Claim Under 42 U.S.C. § 1983)

61. Plaintiffs repeat and reallege paragraphs "1" through "60" with the same force and effect as if they were fully set forth herein.

62. Defendants, acting in concert and within the scope of their authority, discriminated against plaintiffs based on race, in violation of plaintiffs' right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

63. Plaintiffs repeat and reallege paragraphs "1" through "62" with the same force and effect as if they were fully set forth herein.

64. Each individual defendant had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

65. Plaintiffs repeat and reallege paragraphs "1" through "64" with the same force and effect as if they were fully set forth herein.

66. The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

67. The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause and subjecting individuals to excessive force, including the indiscriminate and unnecessary use of pepper spray.

68. The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in recent civil rights actions filed against the City, including, among others:

(a) **Damien Crisp v. The City of New York**, United States District Court, Southern District of New York, 12 Civ. 5842 (police inspector allegedly deployed pepper spray directly into plaintiff's right eye from a few feet away while plaintiff was trapped inside a net);

9

(b) **Julie Lawler v. The City of New York**, United States District Court, Southern District of New York, 12 Civ. 5843 (police inspector allegedly deployed pepper spray directly into group of demonstrators completely surrounded by orange netting from a few feet away; indiscriminate and unnecessary use of pepper spray by police on civilians captured on video); and

(c) **Kelly Hanlin v. The City of New York**, United States District Court, Southern District of New York, 12 Civ. 5844 (police officer allegedly sprayed plaintiff directly in face with pepper spray from a few feet away while plaintiff was videotaping police misconduct).

69. The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

70. "The Bloomberg administration routinely dismissed the relevance of civil suits against the NYPD, even as the number of claims against the department doubled over a decade to a record high of 9,570 filed in 2012." Barry Paddock, et al., *It's a Tough Suit-Uation*, N.Y. Daily News, Feb. 16, 2014, at 4. "They 'had a see no evil, hear no evil attitude,' said former City Comptroller John Liu, whose repeated calls for analyzing lawsuits were ignored." *Id.*

71. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiffs' safety, well-being, and constitutional rights.

72. The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiffs.

73. The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiffs.

## Supplemental State Law Claims

74. Plaintiffs repeat and reallege paragraphs "1" through "73" with the same force and effect as if they were fully set forth herein.

10

75. Within ninety (90) days after the claims herein arose, plaintiffs duly served upon, presented to, and filed with the City Notices of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

76. More than thirty (30) days have elapsed since the presentation of plaintiffs' claims to the City. The City has wholly neglected or refused to make an adjustment or payment thereof.

77. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

78. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

## SEVENTH CLAIM FOR RELIEF

### (False Arrest Claim Under New York Law)

79. Plaintiffs repeat and reallege paragraphs "1" through "78" with the same force and effect as if they were fully set forth herein.

80. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiffs to be imprisoned without probable cause to believe that plaintiffs had committed any crime or offense, and without any warrant or authority to do so.

## EIGHTH CLAIM FOR RELIEF

### (Assault Claim Under New York Law)

81. Plaintiffs repeat and reallege paragraphs "1" through "80" with the same force and effect as if they were fully set forth herein.

82. Defendants, acting in concert and within the scope of their authority, placed plaintiffs in apprehension of imminent harmful and offensive bodily contact.

## NINTH CLAIM FOR RELIEF

### (Battery Claim Under New York Law)

83. Plaintiffs repeat and reallege paragraphs "1" through "82" with the same force and effect as if they were fully set forth herein.

84. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiffs without privilege or consent.

## TENTH CLAIM FOR RELIEF

### (Freedom of Speech Claim Under New York Law)

85. Plaintiffs repeat and reallege paragraphs "1" through "84" with the same force and effect as if they were fully set forth herein.

86. Defendants, acting in concert and within the scope of their authority, arrested plaintiffs for publicly criticizing police action, in violation of plaintiffs' right to freedom of speech under Article I, Section 8 of the New York State Constitution.

## ELEVENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Claim Under New York Law)

87. Plaintiffs repeat and reallege paragraphs "1" through "86" with the same force and effect as if they were fully set forth herein.

88. The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## TWELFTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Claim Under New York Law)

89. Plaintiffs repeat and reallege paragraphs "1" through "88" with the same force and effect as if they were fully set forth herein.

90. The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
March 3, 2014

Respectfully submitted,

*Robert T. Perry*

ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
JOSEPH COLON and MIGDALIA RAMIREZ,               :
                                                 :
                            Plaintiffs,          :
                                                 :
        -against-                                :
                                                 :
THE CITY OF NEW YORK; RYAN STIGELL, in His       :       13 Civ. 7540 (PAE) (HP)
Individual and Official Capacities; and JOHN/JANE :
DOES, Nos. 1-10, in Their Individual and Official :
Capacities (the names John and Jane Doe being    :
fictitious, as the true names are presently unknown), :
                                                 :
                            Defendants.          :
-----------------------------------------------------------------------x


# FIRST AMENDED COMPLAINT


ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiffs*